NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARJORIE GERTRUDE SWIFT CADY,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No.   22-17000

D.C. No. 2:21-cv-01157-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted October 18, 2023**
Phoenix, Arizona

Before:  IKUTA, BADE, and BRESS, Circuit Judges.

Marjorie Gertrude Swift Cady appeals from a district court decision

affirming the Commissioner of Social Security's denial of her application for

disability insurance benefits under Title II of the Social Security Act.  We have

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.      The ALJ considered Cady's subjective allegations in accordance with Social Security Ruling 16-3p and gave clear and convincing reasons supported by substantial evidence for discounting her symptom testimony.  *See Smartt v. Kijakazi*, 53 F.4th 489, 497 (9th Cir. 2022) (discussing the "clear and convincing" standard).  The ALJ discussed the medical record in detail and was not required to "discuss every piece of evidence."  *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003).

The ALJ properly discounted Cady's subjective allegations as inconsistent with the objective medical evidence, her daily activities, and the nature and effectiveness of her treatment.  *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).  Substantial record evidence supports the ALJ's determination.  While the record evidence could be interpreted more favorably to Cady, we must uphold the ALJ's interpretation when the evidence is susceptible to more than one rational interpretation.  *See Burch*, 400 F.3d at 680–81.

2.      Cady forfeited her argument that the ALJ did not properly consider a lay witness statement by failing to present this issue in the district court.  *See Ford v. Saul*, 950 F.3d 1141, 1158 n.12 (9th Cir. 2020) (explaining that claimant

2

"forfeited" an argument because she did not present it to the district court). But that lay witness statement would also not change the result because it mirrors Cady's subjective symptom testimony, which the ALJ properly discounted.

3.      Cady contends that the ALJ erred by failing to assess Dr. Kerns's opinion in accordance with the applicable regulations. Because Cady applied for benefits after March 27, 2017, the ALJ's evaluation of the medical opinion evidence was governed by 20 C.F.R. § 404.1520c. *See Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). The ALJ recognized and applied this standard.[1] The ALJ considered Dr. Kerns's opinion and his objective findings and based on his interpretation of the record evidence found Dr. Kerns's opinion partially persuasive. Because substantial evidence supports his interpretation, we must uphold it. *See id.* at 787–88.

4.      Finally, the ALJ did not err in assessing Cady's residual functional capacity ("RFC"). The ALJ reasonably interpreted Dr. Kerns's findings and accounted for them in the RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). The ALJ then posed a hypothetical question to the vocational expert that incorporated the limitations he

---

[1] As we have previously noted, an ALJ should "endeavor to use the[] two terms of art—'consistent' and 'supported'—with precision." *Woods*, 32 F.4th at 793 n.4. But the failure to do so is not necessarily error. *See id.*

found supported by substantial record evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (holding that a proper hypothetical need only include restrictions that are supported by substantial evidence). The ALJ properly relied on the jobs that the vocational expert identified in response to that hypothetical to support his disability determination.

    **AFFIRMED.**